UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RICHARD LEE POLLARD,<br><br>  Defendant. | NO. CR-95-145-RHW<br><br>**ORDER DENYING MOTION SEEKING RELIEF PURSUANT TO 28 U.S.C. § 2255 FOR LACK OF JURISDICTION** |

Before the Court is Petitioner's Motion for Writ of Audita Querela (Ct. Rec. 227) and Motion for Appointment of Counsel (Ct. Rec. 226). On April 15, 1996, Mr. Pollard was sentenced to 240 months imprisonment after a jury found him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d), 5871, conspiracy to possess methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846, and possession of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

In the motion *sub judice*, Mr. Pollard contends that the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005) renders his Judgment infirm. Although Mr. Pollard characterizes his motion as a Writ for Audita Querela, "a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of audita querela when that challenge is cognizable under

**ORDER DENYING MOTION SEEKING RELIEF PURSUANT TO 28 U.S.C. § 2255 FOR LACK OF JURISDICTION** * 1

§ 2255." *United States v. Valdez-Pacheco*, 237 F.3d 1007, 1080 (9th Cir. 2001) (a prisoner may not circumvent the rules regarding successive § 2255 petitions by filing his motion as a common law writ). The relief sought is cognizable under § 2255 motion because Mr. Pollard's challenge goes to the legality of his sentence. *See, generally, United States v. Wilcox*, 640 F.2d 970 (9th Cir. 1981). The record reflects that Mr. Pollard already has filed two § 2255 motions; accordingly, the Court lacks the authority to review Mr. Pollard's petition without authorization from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A); *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998). The Court is not required to give Mr. Pollard notice that it is characterizing his petition as a § 2255 Motion because this is not his first § 2255 petition. *See Castro v. United States*, 540 U.S. 375 (2003).

The Anti-Terrorism and Effective Death Penalty Act of 1996 [AEDPA] amended the federal habeas statutes and added the requirement that any prisoner seeking to file a successive habeas application must first file, in the appropriate court of appeals, a motion for an order authorizing the district court to consider the successive application. 28 U.S.C. § 2244(b)(3)(A). Once the prisoner files such a motion, the court of appeals then reviews the successive application to determine whether the prisoner has made a prima facie showing that the new claim is (1) based on the discovery of new, material evidence, or (2) based on a new rule of constitutional law made retroactive by the United States Supreme Court. 28 U.S.C. § 2255; *Allen*, 158 F.3d at 664. The record shows that Mr. Pollard did not obtain the required authorization from the Ninth Circuit. Therefore, this Court does not have jurisdiction to consider this application for relief.

The Court next considers whether the interests of justice warrant transferring this case "to any such other court in which the action or appeal could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. The transfer of civil actions among federal courts to cure jurisdictional defects, as described in 28

**ORDER DENYING MOTION SEEKING RELIEF PURSUANT TO 28 U.S.C. § 2255 FOR LACK OF JURISDICTION** \* 2

U.S.C. § 1631, applies to habeas corpus proceedings, and federal courts should consider transfer without motion by the parties. *Cruz-Aguilera v. Immigration & Naturalization Serv.,* 245 F.3d 1070, 1074 (9th Cir. 2001). The Ninth Circuit has held that the interests of justice normally warrant transfer of a case rather than dismissal. *Baeta v. Sonchik*, 273 F.3d 1261, 1264 (9th Cir. 2001). A transfer also assists litigants who might be confused about the proper forum for review and avoids the "time-consuming and justice-defeating" effect of requiring a case to be filed elsewhere. *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). Transferring Mr. Pollard's Motion would expedite a just result in his case. Accordingly,

**IT IS ORDERED** that:

1. The Court **CONSTRUES** Mr. Pollard's Motion for Writ of Error Audita Querela Under the All-Writs Act (Ct. Rec. 227), filed April 11, 2005, as a motion under 28 U.S.C. § 2255 and the District Court Executive shall re-file Mr. Pollard's Motion as a § 2255 motion.

2. Mr. Pollard's motion shall be **TRANSFERRED** to the Ninth Circuit Court of Appeals for determination of whether his motion should be authorized pursuant to 28 U.S.C. § 2244(b)(3).

3. Mr. Pollard's Motion for Appointment of Counsel (Ct. Rec. 226) is **DENIED AS MOOT**.

The District Court Executive is directed to file this Order, send a copy to Mr. Pollard and to the Government, and forward this file, with a copy of this Order, to the clerk of the Ninth Circuit Court of Appeals.

**DATED** this 22nd day of April, 2005.

s/ ROBERT H. WHALEY
United States District Judge

**ORDER DENYING MOTION SEEKING RELIEF PURSUANT TO 28 U.S.C. § 2255 FOR LACK OF JURISDICTION** * 3

1  Q:\CIVIL\1995\pollard.deny.writ of audita querla.2005.ord.wpd
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER DENYING MOTION SEEKING RELIEF PURSUANT TO 28 U.S.C. § 2255 FOR LACK OF JURISDICTION** * 4